UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------
ANTONIO PICH,

                            Plaintiff,                        **ORDER**
                                                                     22-CV-3362 (MKB) (MMH)

                          v.

QUEENS GARDEN NURSERY INC. d/b/a Queens
Garden Nursery, and LOUIS ZUCCARELLO,

                            Defendants.
----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Antonio Pich commenced the above-captioned action on June 7, 2022, against Defendants Queens Garden Nursery Inc. and Louis Zuccarello, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (Compl., Docket Entry No. 1.) On July 7, 2023, Plaintiff moved for default judgment seeking, *inter alia*, damages, liquidated damages, interest, attorneys' fees, and costs.[1] (Pl.'s 2d Mot. for Default J. ("Pl.'s 2d Mot."), Docket Entry No. 20; Pl.'s Mem. in Supp. of Pl.'s 2d Mot., Docket Entry No. 22.) On July 11, 2023, the Court referred the motion to Magistrate Judge Marcia M. Henry for a report and recommendation. (Order dated July 11, 2023.) By report and recommendation dated February 20, 2024, Judge Henry recommended that the Court (1) deny Plaintiff's motion as to Louis Zuccarello and (2) grant in part Plaintiff's motion as to Queens Garden Nursery, (the "R&R"). (R&R 34, Docket Entry No. 24.)

---

[1] The Court terminated Plaintiff's first motion for default judgment filed on November 10, 2022, (*see* Pl.'s 1st Mot. for Default J., Docket Entry No. 15), after Plaintiff filed a second motion in response to Judge Henry's order to show cause why Plaintiff's first motion "should not be denied for failure to mail the default judgment papers to Defendants" pursuant to Local Civil Rule 55.2(c), (Order dated July 10, 2023; Order to Show Cause dated June 23, 2023).

No objections to the R&R have been filed and the time for doing so has passed.

**I.     Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision."  *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if

the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court adopts the R&R in its entirety and (1) denies Plaintiff's motion as to Louis Zuccarello, and (2) grants in part Plaintiff's motion as to Queens Garden Nursery, awarding Plaintiff damages in the amount of $45,227.[2]

Dated: March 6, 2024
       Brooklyn, New York

                              SO ORDERED:

                              _s/ MKB_
                              MARGO K. BRODIE
                              United States District Judge

---

[2] Because this Order and the entry of judgment are entered fifteen days after the issuance of the R&R, the Court adds an additional $67.35 (15 days times $4.49 per day) in pre-judgment interest to Plaintiff's total damages award of $45,159.65 as calculated by Judge Henry, consistent with the R&R. (R&R 29 & n.10 (noting that the amount of pre-judgment interest "will increase by $4.49 per day until the entry of judgment"); *id.* at 34.)